**Diane UHEREK**

v.

**HOUSTON LIGHTING & POWER COMPANY.**

Civil Action No. G–96–569.

United States District Court, S.D. Texas, Galveston Division.

April 24, 1998.

## ORDER GRANTING ATTORNEYS' FEES AND COSTS

KENT, District Judge.

Plaintiff filed this action seeking to enforce her constitutional rights pursuant to Title VII, 42 U.S.C. §§ 20003e *et seq.* On March 2, 1998, the Court granted Defendant's Motion for Summary Judgment and Ordered the parties to submit appropriate documentation regarding attorneys' fees and costs. Now before the Court is Defendant's Petition for Attorneys' Fees and Costs of April 1, 1998, wherein Defendant seeks an award of $17,-105.40. For the reasons set forth below, Defendant's Petition for Attorneys' Fees is **GRANTED IN PART.** Consequently, Plaintiff Diane Uherek is **ORDERED** to pay $500,00 in attorneys' fees and costs to Defendant, in the time and manner herein prescribed.

## I. ATTORNEYS' FEES AND COSTS

■■■ The facts underlying this case have already been addressed in detail by this Court. *See Uherek v. Houston Light & Power Co.,* No. CV G–96–569, 1998 WL 97798 (S.D.Tex. Mar.2, 1998). It is therefore unnecessary to repeat them here. As the prevailing party in this case, Defendant seeks $17,105.40 in attorneys' fees and costs. In any action or proceeding to enforce a provision of Title VII, the Court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. *See* 42 U.S.C. § 2000e–5(k). Such fees are allowed when the plaintiff's underlying claims are frivolous, unreasonable, or groundless. *See Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). As is evident from the Court's previous Order Granting Summary Judgment in this case, Plaintiff's claims utterly lack merit, and therefore, the imposition of fees and costs is appropriate. Although Plaintiff's paucious three-page Response disputes the propriety of awarding fees in this case, it contains nothing that convinces the Court otherwise. The determination of what is a "reasonable attorney's fee" is left to the discretion of the trial court. *See Hensley v.*

Scott Adam Sanes, Sanes & Matthews, Houston, TX, R. Keith Vaughan, Carabin and Shaw, San Antonio, TX, for Diane Uherek.

Maria Wyckoff Boyce, Baker & Botts, Houston, TX, for Houston Lighting & Power Co.

*Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).[1]

## II. ANALYSIS

■ A starting point for determining a reasonable fee is to consider the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *See id.* This "lodestar" method serves as the "initial estimate of a reasonable attorney's fee," *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984), and while its application is strongly presumed to represent a reasonable fee, *see Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986), the inquiry does not end with it. The statutory command is that the fee awarded be "reasonable." *See* 42 U.S.C. § 2000e–5(k).

■ In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir.1974), the Fifth Circuit listed twelve factors which the Court must consider when determining what amount is warranted. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirabili-

ty of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[2] Thus, in light of the *Georgia Highway Express* factors, the Court may reduce the award resulting from the lodestar calculation if the documentation of hours worked is inadequate or if the calculation includes hours that were not "reasonably expended." *See Hensley*, 461 U.S. at 433–34, 103 S.Ct. at 1939–40. Moreover, the Court may reduce the lodestar rate if the case was a relatively easy one, or if resolution was accomplished without the need for trial.[3]

■ At the outset, the Court expressly notes that Defense counsel has done an exemplary job in the preparation and defense of this case. Moreover, the Court finds Defendant's Petition for Attorneys' Fees and Expenses, and attached supporting documents, comprehensive and entirely in accord with statutory guidance and case authority. Today's reduction is in no way a reflection upon the representation provided by Defense counsel. Indeed, in a perfect world, Defendant would be awarded the entire $17,105.40 that it seeks here. However, this Court must exercise its discretion when awarding fees, with an eye toward fairness, justice, and the relative positions of the parties. Defendant is a large corporation which provides power to Houston and the surrounding areas. On the other hand, Plaintiff is an individual formerly employed by Defendant. The Court finds that awarding an amount of $500.00 is entirely appropriate under the circumstances. The Court understands that

---

1. The standard for awarding attorneys' fees under § 1988 is the same as that under Title VII. *See Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7.

2. The principle factors are time and labor required, and the customary fee. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 319–320 (5th Cir. 1993).

3. At least one District Court has noted the difficulties faced when determining a reasonable fee:

> Requiring district courts to review the reasonableness of hours spent places district courts in an untenable position. It is not hard for a judge relying on his or her own experience with similar cases to conclude that too many

hours have been spent on particular matters. Nor is it hard for a judge to draw conclusions concerning how much of a fee request should be reduced. To justify a reduction of specific hours by reference to objective reasons, however, is extremely difficult. Such a reduction—without having had any opportunity to observe the hours being spent—is almost an implicit accusation that the lawyer is charging hours dishonestly or spending hours incompetently. Any such accusation, however made, inevitably places the judge in a completely untenable position with respect to future dealings with the attorney, especially if that attorney regularly appears before the court.

*Price v. Kramer*, No. CV 94–6506 JSL, 1997 WL 836396 (C.D.Cal. Dec. 19, 1997) (footnotes omitted). This Court agrees.

this amount is mostly symbolic—it is certainly not a draconian remedy, as $17,405.40 would be for Plaintiff. However, given Plaintiff's present circumstances, this amount is more than enough to convince her that there are real consequences for filing frivolous lawsuits.

For the reasons set forth above, Defendant's Application for Attorneys' Fees and Costs is **GRANTED IN PART.** All of Plaintiff's claims remain **DISMISSED WITH PREJUDICE.** Plaintiff Diane Uherek is further **ORDERED** to pay $500.00 to compensate Defendant for attorneys' fees and costs. Such payment shall be made by means of a certified check made payable to "Houston Light and Power Company," and tendered to the office of Defense Counsel within twenty (20) days of the date of this Order. Failure to do so will be treated as an act of contempt, for which sanctions will issue. The parties are again instructed to file nothing further on these issues in this Court, including motions to reconsider and the like, unless compelling new evidence not available at the time of the instant submissions warrants reconsideration. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**